IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MILLER, | No. C 07-2619 RMW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| MIKE EVANS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the conditions of his confinement at Salinas Valley State Prison ("SVSP") in Soledad, California.  Petitioner alleges that SVSP employees denied him access to his personal property.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996).  However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

1   The preferred practice in the Ninth Circuit has been that challenges to conditions of
2   confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
3   573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
4   confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
5   dismissal of habeas petition on basis that challenges to terms and conditions of
6   confinement must be brought in civil rights complaint).

7       Accordingly, the court will dismiss the instant habeas action without prejudice
8   because petitioner's claims do not challenge the duration or legality of his confinement or
9   sentence under § 2254.  Instead, petitioner alleges that SVSP employees have withheld
10  his personal property.  Petitioner's claim is more appropriately addressed in a civil rights
11  complaint pursuant to 42 U.S.C. § 1983.

**CONCLUSION**

13  The petition for writ of habeas corpus is DISMISSED without prejudice.
14  Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to
15  42 U.S.C. §1983 on the enclosed form.  Petitioner shall include any supporting
16  documentation of his prison appeal with his new complaint as the instant case will be
17  closed.  The clerk shall terminate any pending motions and close the file.  No filing fee is
18  due.

19      IT IS SO ORDERED.

20  DATED: 6/6/2007          /s/ Ronald M. Whyte
                                      RONALD M. WHYTE
21                                    United States District Judge

1  This is to certify that on _____6/7/2007_____, a copy of this ruling was mailed to the following:

2

3  Vincent Miller
P-19243
4  Salinas Valley State Prison
P.O. Box 1050
5  Soledad, CA  93960

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.rmw\hc.07\Miller619disrem          3